GEORGINA LUISA LÓKPEZ FINLAY, Plaintiff and Appellee, *v.* VÍCTOR LUIS LÓKPEZ ET AL., Defendants and Appellants.

No. 8628.   Argued March 11, 1943.—Decided April 28, 1943.

*Rafael Buscaglia* and *Arcilio Alvarado* for appellants whose surnames are Garrastazú and Silva Garrastazú. *Mariano Acosta Velarde, Federico Acosta Velarde,* and *Daniel Pellón, Jr.,* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the court.

In this appeal there is involved the determination of the scope of the power of attorney executed by the plaintiff-appellee in favor of her father which has already been interpreted by this court in case No. 8250 of *Georgina Luisa Lókpez Finlay* v. *Víctor Luis Lókpez et al.,* decided March 25, 1943, *ante,* p. 596. By virtue of said power of attorney, a father, as agent of his daughter, obtained from Eurípides Silva Pabón a loan of $4,000 which he guaranteed by a mortgage on a farm which was the property of the plaintiff. The court below entered judgment declaring the loan contract

820

and the mortgage void and inexistent, first, because the power of attorney executed by the plaintiff did not grant her father the authority to borrow money, and second, because the loan contract was never ratified by the plaintiff.

■■ The appellants, in discussing the first and the second errors assigned, maintained that the court below erred in predicating its judgment solely and exclusively upon the fact that the power of attorney did not grant authority to borrow money when the complaint, by its title and its prayer, raised only the question of the nullity of the mortgage, and hence there was no controversy about the loan contract.

A simple reading of the allegations of the complaint show that the appellants are not correct. Both the power of attorney and the mortgage contract were·made part of the complaint, and it was specifically alleged that Víctor Luis Lókpez did not have authority to act in the name of, and in representation, of his daughter. Even if the title of the action be that of nullity of the mortgage contract and that said nullity be asked for in the prayer, it is well known that neither the title nor the prayer of a complaint are a part of the alleged cause of action, although they may be taken into consideration in order to better determine its scope. *Peñagarícano* v. *Peñagarícano et al.,* 19 P.R.R. 472; *Newmann* v. *Trujillo et al.,* 24 P.R.R. 284.

The nullity of the mortgage deed was alleged in the complaint. The mortgage was executed as a guaranty of the loan. If the agent had no power to borrow money, it can hardly be sustained that the mortgage executed to guarantee said loan can subsist as a charge upon the property of the principal. If there be any doubt about it, §191 of the Code of Civil Procedure provides that the remedy granted in favor of the plaintiff by the court upon entering judgment, in any case in which there has been an answer, can include: ''Any relief consistent with the case made by the complaint and embraced within the issue.''

■ In the third assignment of error it is alleged that the trial court erred by concluding that the power of attorney did not authorize the father to borrow money. When interpreting the scope of this power of attorney in the case before cited, the same question was adversely decided against appellants' contention and we refer to what was said therein.

■ The appellants also alleged that the trial court also erred in deciding that the mortgage contract had not been ratified by the plaintiff. In support of this assignment, they argued that the contract was ratified, first, through oral and written instructions given to the defendant Víctor Luis Lókpez and, second, through an implied admission of the debt by paying interest on the same and, third, by the defendant having revoked, by public deed, the power of attorney granted to her father.

We have examined the evidence in this case and it is our opinion that the trial court did not commit error in arriving at the conclusion that the loan and mortgage contract was not ratified. This case is distinguishable from case No. 8520, *Lókpez* v. *Lókpez et al., supra,* because of the fact that the court admitted all the evidence offered by the defendants to show that the plaintiff had ratified, expressly or impliedly the mortgage contract, and, after weighing it, concluded that there was no such ratification. In the cited case No. 8520, *supra,* we expressly limited the scope of our opinion in the following manner: "We do not state or hold what *scope or credit* this evidence (that one not admitted) should have been given by the trial judge . . . " We are of the opinion that the lower court did not commit manifest error in weighing the evidence and that, in any event, said evidence was not sufficient to establish the alleged ratification.

■ Nor are the defendants correct in contending that the contract was ratified by the plaintiff because of the fact that she has revoked the power of attorney that she executed

822

in favor of her father. In accordance with §1624 of the Civil Code (1930 ed.), the principal can revoke an agency at will at any time. Said revocation only implies that from that moment the agent lacks the power to bind the principal by his actions, but it can not imply in any way that the principal had ratified or rejected the act of the agent while the agency was effective.

■ Lastly, the appellants allege that the lower court committed error in deciding that the plaintiff is not compelled to restore that with which she enriched herself, by the provisions of §1256, to the effect that: "when the nullity arises from the incapacity of one of the contracting parties, the incapacitated person is not obliged to make restitution, except to the extent he has profited by the thing or by the sum he may have received."

Assuming, without deciding, that the provisions of this section are applicable to the facts in this case, it was not proved that the plaintiff enriched herself in any manner with the $4,000 obtained by her father by virtue of the loan. The letters that she wrote him asking him to send her $10,000 do not show, by themselves, that she received said sum. On the contrary, she testified that she never received it.

The judgment appealed from is affirmed.